UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DAMIEN THOMAS,

                Plaintiff,

-vs-

OFFICER N. NARRAWAY, et al.,

                Defendants.

ORDER

17-CV-6388 CJS

On June 16, 2017, Plaintiff submitted a Complaint, ECF No. 1, along with a Motion for Leave to Proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915, ECF No. 2. By Order [#3] dated August 24, 2017, the Court denied the application to proceed IFP, stating, in pertinent part:

> Plaintiff has not met the statutory requirements for *in forma pauperis* status, since his application fails to provide sufficient information. In particular, Plaintiff indicates that he resides in an apartment in Buffalo, New York, but has no means of support, no savings, and no assets. Additionally, approximately half of the form affidavit was left blank.

Order [#3]. The Court indicated that if Plaintiff did not pay the full filing fee by September 15, 2017, the action would be dismissed.

Plaintiff did not pay the filing fee. Instead, by letter dated September 5, 2017, Plaintiff asked the Court to reconsider its order. Plaintiff contended that the Court denied his application "without a valid right," because he is "a lay man at law." Plaintiff further chided the Court for denying his incomplete application, and opined that the Court should have contacted him and requested additional information. Additionally, Plaintiff submitted another IFP application, though it is not the form application that the Court provides on its website for use by Pro Se litigants. Rather, it is a "short form" IFP

1

application that Plaintiff obtained elsewhere. Conveniently for Plaintiff, this "short form," unlike the form which the Court provides, does not ask applicants, who claim to have no means of support, to explain how they are surviving. In other words, Plaintiff has submitted a form which still does not provide the information which the Court indicated was missing from the original application. Plaintiff indicates that he has no job and no assets, though he is still residing at the same address he has had for the past several years.

The Court observes that this is Plaintiff's third lawsuit in this Court. The Court's records indicate that Plaintiff has also filed these other actions, proceeding *pro se*: *Thomas v. Millspaugh*, 14-CV-6249 CJS ("*Millspaugh*") and *Thomas v. Howard*, 15-CV-6649-CJS ("*Howard*"). Plaintiff applied to proceed IFP in both of these earlier cases, using the IFP application form provided by the Court. In the *Millspaugh* IFP application, Plaintiff claimed to be "self employed" and to have "varying" income, though he submitted a "profit loss statement" showing average monthly earnings of $1,422.00. Plaintiff indicated that he supported his son, and that someone named "Denee Rich" paid for "at least half" of the household expenses. In the *Howard* IFP application, Plaintiff stated that his "business [was] failing," but that he still had monthly income of $1,000.00. Plaintiff indicated that Denee Rich, who resided at the same address, and who was also his co-plaintiff in *Howard*, was paying "all bills."

The Court granted the IFP application in the *Millspaugh* case, which is still pending. In the *Howard* case, the Court denied the IFP application, stating, in pertinent part:

> Both Plaintiffs have declared that their household expenses are paid by Denee Rich. The combined income of the two Plaintiffs is $4,700 per

> month. Plaintiffs' incomes place them well above the poverty threshold. For this reason, Plaintiffs' applications for leave to proceed [IFP] will be denied[.]

*Howard*, Docket No. [#5].

In light of this history, Plaintiff's unwillingness to complete the Court's IFP application form (which would require him to explain how he is being supported), and his feigned lack of familiarity with the Court's procedures, are suspicious to say the least. In any event, it appears clear that Plaintiff is being supported by someone, if not Denee Rich, whose income is relevant to the Court's IFP consideration.

The IFP statute applies where a litigant would otherwise be "blocked" by his financial condition from pursuing his rights, but not where paying the filing fee would merely be inconvenient. *See, Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 686 F. Supp. 385, 388 (N.D.N.Y.) ("Defendant Sears' access to this court has not been blocked by his financial condition; rather, he is merely in the position of having to weigh the financial constraints posed if he pursues his position against the merits of his case.") (citations and internal quotation marks omitted), *aff'd*, 865 F.2d 22 (2d Cir. 1988). Where a litigant is supported by another person, the Court may consider that person's ability to pay the filing fee. *See, Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed *in forma pauperis*, a court may consider the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as from a spouse, parent, adult sibling or other next friend.") (citation omitted).

Here, Plaintiff has not met the statutory requirements for *in forma pauperis* status; that is, he has not shown that he is "unable to pay such fees." 18 U.S.C. §

1915(a)(1). Rather he has studiously avoided providing the information requested by the Court. Consequently, the action is dismissed without prejudice, based upon Plaintiff's failure to pay the filing fee as directed earlier. The request for reconsideration is denied. The Clerk is directed to close this action.

IT IS SO ORDERED.

DATED: September 19, 2017
            Rochester, New York

                                    /s/ Charles J. Siragusa
                                    CHARLES J. SIRAGUSA
                                    United States District Judge